ERASMA ARVELO ET AL., Plaintiffs and Appellants-Appellees, *v.* PEDRO ROMÁN CINTRÓN ET AL., Defendants and Appellees-Appellants, and PUERTO RICO PRODUCTION CREDIT ASSOCIATION ET AL., Defendants and Appellees.

No. 9160.   Argued December 26, 1945.—Decided February 21, 1946.

*Luis Mercader* for appellant-appellee. *Isaías M. Crespo* for appellees-appellants. *Cipriano Olivieri* for appellee Puerto Rico Production Credit Association.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

Both parties have appealed from a judgment annulling a summary foreclosure proceeding and sustaining a cross complaint for the enforcement of the mortgage claim and other obligations.

Let us consider first the appeal taken by the defendant. He assigns six errors which can be reduced to four, to wit: the annulment of the mortgage foreclosure proceeding; his

having been adjudged to pay attorney's fees; the approval of the memorandum of costs submitted by the plaintiffs; and the disallowance of certain items claimed in the cross complaint.

■■ The mortgage in question was executed on June 8, 1927, to secure a loan for $250, with interest thereon at the rate of 12 per cent per annum. Nothing was provided in the deed as to interest after default (*intereses de mora*). Hence, the creditor was only entitled to collect interest after default at the rate of 6 per cent per annum. *Figueroa v. Boneta,* 58 P.R.R. 811. Nevertheless, when the defendant foreclosed the mortgage, he demanded from the plaintiffs the payment of interest after default at the rate of 12 per cent per annum, or exactly double the amount he was entitled to collect according to the deed and the registry of property. That demand, for a sum in excess of the one secured by the mortgage, rendered the entire proceeding void. *De Jesús v. Assad,* 63 P.R.R. 121; *Figueroa v. Boneta, supra.*

■ Although the parties have not discussed the point, the fact is that the ground for nullity which we have just mentioned is not precisely the one set forth by the plaintiffs in their complaint. What the complaint alleges is that demand was made for the payment of $95 on account of interest, although the mortgage secured only $25 as interest.[1] What the evidence shows is that payment of $95 as interest was demanded and that, according to the mortgage deed, only $47.50 was due; that is, that in the demand for payment there was included interest at the rate of 12 per cent, whereas the applicable rate under the deed, as we have already seen, was 6 per cent. But the essential claim of the plaintiffs is that

[1] The plaintiffs based their contention on a clause of the mortgage deed, which in its pertinent part reads thus:

"To secure the payment of $250 as principal, $25 as interest, and $50 for costs and attorney's fees . . . Santos Rosado García . . . mortgages . . ."

That ground for nullity is unavailable, as we have held in *Torres v. Fernández, ante,* p. 584, since a stipulation to secure by mortgage only part of the interest should be understood as applicable to third persons only and not to the debtor, unless the contrary is clearly provided.

they were required to pay an excessive sum on account of interest, and this claim was alleged and proved. The defendant has not complained at any time of any variance between the allegations and the proof, although the lower court, in declaring the nullity of the foreclosure proceeding by reason of the excessive claim for interest, based its decision both on the fact that no stipulation for interest after default was contained in the deed and on the fact that the mortgage deed secured $25 as interest. Assuming, therefore, that there was any inconsistency between the evidence and the allegations of the complaint, the latter should be regarded as amended to conform to the former. *Viñas v. Hernández,* 60 P.R.R. 269, Rule 15(*b*), Rules of Civil Procedure.

We have, then, that the mortgage foreclosure proceeding instituted by the defendant was fatally defective. Nevertheless, the defendant argues that the plaintiffs are estopped to attack the validity of the proceeding because the mortgage was foreclosed at the instance of the plaintiffs, as part of a plan to liquidate in the most economical and simple way for them, the numerous debts which they owed. There is no proof that such was the case. Although the evidence establishes that, upon the death of plaintiffs' predecessor in interest, the defendant assumed several debts of the estate, there is nothing to show that in foreclosing the mortgage the defendant acted at the instance of the plaintiffs. On the contrary, from the evidence of the defendant himself it appears that the plaintiffs refused to vacate the foreclosed property, and that it was necessary for the marshal to eject them therefrom. The lower court, therefore, did not err in decreeing the nullity of the mortgage foreclosure proceeding.

Nor does the defendant convince us that the lower court erred in adjudging him to pay attorney's fees. We can not say that the court abused its discretion in considering the defendant obstinate because he had resisted the action for nullity, since the proceeding attacked by that action was clearly void.

■ Regarding the memorandum of costs, the error as-signed is that the lower court considered and approved the same after an appeal had been taken from the judgment. The error is nonexistent and there is no basis for even discuss-ing it.[2]

■■ We now turn to consider the cross complaint. The defendant and cross-complainant urges that the lower court erred in not adjudging the plaintiffs and cross-defendants to pay the total amount claimed to have been paid by defendant in settlement of debts owed by the plaintiffs, or to pay for certain alleged improvements made by the defendant on the property in question. The defendant has failed to specify what items were improperly disallowed or to explain in what the error consisted. The lower court rejected several items because it considered that they had not been duly proved. From an examination of the evidence, which was conflicting, we are not convinced that the court erred in rejecting the items covered by the defendant's assignment of error, with the exception of the item of $57.13 paid by the defendant on account of taxes owed by the predecessor in interest of the plaintiffs, such payment having been established by the de-fendant through authentic evidence which was uncontroverted. Hence, that portion of the judgment which sustains in part the cross complaint and adjudges the plaintiffs to pay to the defendant the total sum of $1,106.75 should be modified in the sense of adding thereto the sum of $57.13.

■■ Let us now consider the appeal taken by the plain-tiffs. They have assigned two errors: the denial of their claim for damages and for rents and profits received by the defendant while in possession of the property, and the failure to allow the plaintiffs over $250 as attorney's fees.

The lower court expressly states that it denied the claim for damages alleged to have been caused by the defendant in the property, because it believed the testimony of José Pé-

---

[2] See § 339, Code of Civil Procedure, as amended by Act No. 69 of May 11, 1936.

rez Martínez, marshal of the court, and accorded no credit whatsoever to the evidence for the plaintiffs. We think that this was the most reasonable way of resolving the conflict in the evidence, but even if it were not, it is a question of the weighing of conflicting evidence by the trier of the facts, and we lack any basis to disturb its finding.

As to the rents and profits claimed, the lower court states that the evidence for the plaintiffs was insufficient; that their witnesses, after many doubts and vacillations, testified regarding facts of which, as it turned out, they did not have full knowledge; and that, as a result, it was unable to reach a definit conclusion. Indeed, the court does not exaggerate the weakness of the evidence for the plaintiffs. Apparently for want of another choice, the lower court finally accepted the testimony of the defendant to the effect that the rents and profits received by him did not exceed the expenditures incurred on the property.

Although we can not say that the court erred in weighing the evidence as to the rents and profits, both the court and the attorneys for the parties overlooked the fact that the defendant in his answer admitted that he had received $480 as rents and profits. He should therefore be adjudged to pay that sum.

The second and last error assigned by the plaintiffs and directed against the insufficiency of the award of $250 as attorney's fees, is nonexistent. Under the circumstances of this case, the amount awarded is rather liberal.

For the reasons stated the judgment appealed from should be modified by adding the sum of $57.13 to the amounts which the plaintiffs must pay to the defendant, and by adjudging the defendant to pay to the plaintiffs $480 as rents and profits, and as thus modified, the judgment is affirmed.